**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-47

UNITED STATES TAX COURT

DRUCELLA T. MALONZO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11608-12S.                    Filed June 10, 2013.

Drucella T. Malonzo, pro se.

<u>Nathan H. Hall</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a $737 income tax deficiency for petitioner's 2008 tax year. The sole question for our consideration is whether petitioner realized a capital gain attributable to her abandonment of, and the subsequent foreclosure of the mortgage loan securing, her real property.

## Background

Petitioner resided in California at the time her petition was filed. During 2005 she purchased a residence in Sacramento, California (residence). She resided there until sometime during 2006, when she moved to San Francisco, California. For some portion of 2007 petitioner rented out the residence, reported the income from the rental, and claimed $12,118 in depreciation. Later in 2007 petitioner was unable to rent out the residence. At that time, the fair market value of the residence was less than the outstanding mortgage loan balance and petitioner stopped making the mortgage payments and in effect abandoned the residence. Although petitioner stopped making the mortgage payments, she took no formal steps to transfer title or to provide her lender with notice of her intention to abandon the residence. After petitioner stopped making mortgage payments, the lending institution determined that petitioner's note was in default and the

mortgage loan securing the residence was foreclosed upon during 2008. The residence was resold by the lender for $278,314.84 in early 2008.

Petitioner paid $333,239 for the residence in 2005, and that amount was considered by respondent to be petitioner's unadjusted basis in the residence. During 2008 petitioner's lender sent her a Form 1099-A, Acquisition or Abandonment of Secured Property, reflecting that the outstanding balance of her mortgage obligation was $325,855.06. The same Form 1099-A reflected the fair market value of the residence to be the resale price of $278,314.84. Finally, the Form 1099-A reflected that January 22, 2008, was the "date of lender's acquisition or knowledge of abandonment".

Respondent examined petitioner's 2008 income tax return and determined that she had a $4,734 long-term capital gain[2] which, in turn, resulted in a $737 income tax deficiency for 2008. Respondent computed the gain as follows:

---

[2]Respondent's determination was that petitioner's gain was capital as opposed to "ordinary". There was no controversy between the parties as to whether any gain would constitute ordinary or capital income. There is no evidence in our record providing the rationale for respondent's determination. Petitioner's only contention was that she was entitled to an abandonment loss.

| | | |
|---|---|---|
| Amount realized (outstanding mortgage balance) | | $325,855 |
| Less: basis | | |
| Purchase price | $333,239 | |
| Recaptured depreciation | (12,118) | |
| Adjusted basis | | (321,121) |
| Gain | | 4,734 |

In response, petitioner submitted an amended 2008 Federal Income Tax Return, reporting a $313,737 ordinary income loss from the abandonment of the residence.

## Discussion

Respondent contends that petitioner had a long-term capital gain resulting from the foreclosure of the mortgage loan securing the residence. After considering depreciation allowed or allowable, respondent's view is that the foreclosure resulted in a sale or exchange where petitioner's indebtedness exceeded her adjusted basis in the residence. Petitioner contends that she had an ordinary loss from her abandonment of the residence. Petitioner sees her intended abandonment as a situation where she lost the value of the residence at a time when the debt obligation exceeded the value.

We must decide whether the circumstances of this case result in an ordinary loss attributable to abandonment or a capital gain attributable to a sale or exchange. The basic principles that govern these circumstances are to be found in

a well-established line of cases beginning with the Supreme Court's opinion in Crane v. Commissioner, 331 U.S. 1 (1947). In Crane, the taxpayer inherited real property that was encumbered by a mortgage that had not been assumed by the taxpayer. For tax purposes the taxpayer claimed depreciation using the value of the property. When the taxpayer subsequently sold the property, the value of the property and the mortgage balance were approximately equal and she received a net amount of $2,500 which she treated as the gain from the sale. The Commissioner, on the other hand, treated the value of the property less depreciation as the taxpayer's basis and the outstanding balance of the mortgage plus the $2,500 as the sale price, thereby resulting in a larger gain and an increased tax burden. The Supreme Court, holding for the Commissioner, decided that the amount of the unassumed mortgage is to be considered part of the proceeds of sale.

Some 36 years later, the Supreme Court considered whether the same rule applies even where the unpaid amount of a nonrecourse mortgage exceeded the fair market value of the property sold. In that case, it was held that the taxpayer, although required to include the outstanding mortgage obligation as proceeds of sale, was not entitled to a loss to the extent that the mortgage exceeded the fair market value of the property. See Commissioner v. Tufts, 461 U.S. 300 (1983).

In a case decided soon after Tufts, the Court of Appeals for the Fifth Circuit affirmed this Court's holding that an abandonment of real property subject to a nonrecourse debt is a "sale or exchange" for purposes of determining whether a loss is a capital loss. See Yarbro v. Commissioner, 737 F.2d 479 (5th Cir. 1984), aff'g T.C. Memo. 1982-675. That case involved the question of whether an individual taxpayer's loss resulting from the abandonment of unimproved real estate subject to a nonrecourse mortgage exceeding the fair market value is an ordinary loss or a capital loss.

Petitioner's case presents a similar question to that addressed in Yarbro-- whether her abandonment of real estate subject to a mortgage exceeding the fair market value is an ordinary loss or a capital gain because of consideration of the outstanding mortgage. Petitioner purchased the property, depreciated it, and, after her inability to rent it out, walked away when her mortgage obligation was in excess of the value of the property and also in excess of her adjusted basis in the property. Here, like the taxpayer in Crane, petitioner claimed depreciation based on her basis or cost. Even though she walked away from the property with the intention of no longer making payments on the mortgage, the subsequent foreclosure of the mortgage loan securing the property constituted a "sale or exchange". See sec. 1.1001-2(a)(1), Income Tax Regs.

Petitioner is therefore not entitled to an ordinary loss due to abandonment that is equal to the value of the property because that would ignore the fact that she held a capital asset that was subject to a mortgage.  Accordingly, we must sustain respondent's determination that petitioner had a $4,734 capital gain and that there is a resulting 2008 income tax deficiency of $737.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.